IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM G. MOORE,

       Petitioner,

v.

WARDEN FEATHER,

       Respondent.

Case No. 3:15-cv-00484-JE

FINDINGS AND RECOMMENDATION

William G. Moore,
25135-086
FCI-Sheridan
P.O. Box 5000
Sheridan, OR 97378

       Petitioner, *Pro Se*

Billy J. Williams
Acting United States Attorney
Natalie K. Wight, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

       Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the legality of his 1995 federal convictions that resulted in a life sentence. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

On October 12, 1995, petitioner was convicted in the Western District of Washington of one count of conspiracy to manufacture and distribute methamphetamine, one count of conspiracy to launder money, and one count of aiding and abetting the manufacture of methamphetamine. As a result, the trial court sentenced him to life in prison.

Petitioner took a direct appeal, which the Court of Appeals dismissed in April of 1997. Petitioner then sought collateral relief via 28 U.S.C. § 2255 where he alleged that the Government withheld evidence and put on witnesses who perjured themselves at his trial. The District Court for the Western District of Washington denied relief. The Court of Appeals allowed a certificate of appealability and ultimately affirmed the District Court's decision in a 2-1 decision, notably finding that "the evidence against [petitioner] was overwhelming." Respondent's Exhibit 2, p. 2. Petitioner continued to seek collateral relief in a variety of actions, ultimately prompting the Ninth Circuit to

2 - FINDINGS AND RECOMMENDATION

enter an order restricting petitioner's filings in that court.[1] Respondent's Exhibit 3.

Petitioner filed this 28 U.S.C. § 2241 habeas corpus case on March 25, 2015. He alleges that he was not afforded a constitutionally permissible trial where he was the victim of prosecutorial misconduct. Specifically, he claims the Government put on perjured testimony and withheld materially exculpatory evidence from him in order to obtain a conviction. He further alleges that he is actually innocent such that relief under 28 U.S.C. § 2241 is appropriate.

## DISCUSSION

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). However, under the "savings clause" or "escape hatch" of § 2255(e), a federal inmate may seek relief pursuant to 28 U.S.C. § 2241 "if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Id* (citing *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006).

A petitioner satisfies the savings clause of § 2255(e) where he: "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens*

---

[1] Petitioner's other collateral actions are adequately detailed in the Government's Response and do not need to be repeated here.

3 - FINDINGS AND RECOMMENDATION

*v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (internal quotation marks omitted). The two factors to consider when assessing whether petitioner had an unobstructed procedural opportunity to present his claim of innocence are: (1) whether the legal basis for petitioner's claim did not arise until the conclusion of his direct appeal and first 28 U.S.C. § 2255 motion; and (2) whether the applicable law changed in any relevant way after the conclusion of the petitioner's first § 2255 motion. *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Based on petitioner's extensive litigation history, it appears he has not only had an opportunity to present his claim of innocence in multiple venues, but has done so even in this District. *See, e.g., Moore v. Feather,* 3:12-cv-01899-JO. Even if this were not the case, where the Ninth Circuit previously rejected the claims petitioner brings in this case while determining that the evidence of his guilt was overwhelming, petitioner fails to demonstrate that no reasonable juror would have convicted him even in light of the evidence he submits in this case. Because petitioner is unable to utilize the "savings clause" of § 2255, his Petition should be dismissed for lack of jurisdiction.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) should be dismissed for lack of jurisdiction. The court should also deny petitioner's pending Motion for

4 - FINDINGS AND RECOMMENDATION

Immediate Release (#25) and decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due within 17 days. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 10 day of September, 2015.

                                                     /s/ John Jelderks
                                                   John Jelderks
                                                 United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION